Hon. David G. Retchless County Attorney, Ontario County
We acknowledge receipt of your letter requesting an opinion concerning a mandatory referendum for approval of a local law passed by the Ontario County Board of Supervisors to abolish the office of elective county treasurer and provide that the duties of the office be exercised by a new appointive officer, a county comptroller. You ask whether the approval provisions relating to the mandatory referendum are for a simple majority of the votes cast on the proposition throughout the county or whether there must be the double majority of votes contemplated in Municipal Home Rule Law § 33-a; that is, a majority of the votes cast in the area of the county outside of cities and a majority of votes cast in the area of cities of the county considered as one unit.
Article 4, Part 1, of the Municipal Home Rule Law (§§ 30-35) constitutes the "County Charter Law." The provisions relate only to charter counties. "Transfer of functions" as mentioned in the County Charter Law relates to the change of a function of one municipality in the county to the county itself or to one or more other municipalities within the county. It does not refer to the elimination of one county office and a substitution of a new county office to replace it.
In the case of your county, there is specific authorization in County Law § 575 for the County Board of Supervisors to pass a local law abolishing the elective office of county treasurer and replacing that officer by an elective county comptroller. There is authority under Municipal Home Rule Law § 10 to change the mode of selection of such an officer from elective to appointive. These changes do not constitute a "transfer of function" such as is discussed above. Where a "transfer of function" occurs, it can only be after approval at a referendum carried by a majority of votes cast in the area of the county outside of cities and also a majority of votes cast in the area of cities of the county considered as one unit. The mere elimination of an elective office and the creation of a new office which will be an appointive office in a county, the holder of which is to perform the same function as the former elective officeholder, is subject only to the simple majority referendum provisions contained in Municipal Home Rule Law § 23.
In our opinion, if a non-charter county passes a local law pursuant to the authority of County Law § 575 and Municipal Home Rule Law §10 to change from an elective county treasurer to an appointive county comptroller, the mandatory referendum provision required by County Law § 575 is to be conducted in all respects under the provisions of Municipal Home Rule Law § 23; a simple majority of the votes cast on the proposition in the area of the whole county is sufficient for passing.